**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JEROME A. MAHER and JOHN R. GRAVEE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 08-12C** |
| | ) | **(Senior Judge Weiss)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MEMORANDUM PURSUANT**
**TO COURT'S ORDER OF FEBRUARY 7, 2008**

Pursuant to paragraph I (a) of the Court's order of February 7, 2008, defendant, the United States, respectfully submits this memorandum identifying the factual and legal bases that we expect to present in our motion to dismiss plaintiffs' complaint.

## I. Plaintiffs' Claims Are Virtually Identical To Claims Dismissed By This Court Ten Years Ago And Are Barred, *Res Judicata*

Plaintiffs' complaint is their fifth attempt, and the second in this Court, to recover benefits which they allege are owed to them as a result of a contract they had entered into with Horizon Federal Savings Bank ("Horizon"). Plaintiffs present claims that are predicated upon the same events that plaintiffs identified ten years ago in this Court, in Maher v. United States, Fed. Cl. No. 98-61C. In that litigation, this Court dismissed plaintiffs' complaint for failure to state a claim upon which relief could be granted, Maher v. United States, 48 Fed. Cl. 585 (2001) ("Maher I"), and that decision was affirmed by the United States Court of Appeals for the Federal Circuit. Maher v. United States, 314 F.3d 600 (Fed. Cir. 2002) ("Maher II").

### A. Illinois District Court Litigation

This first lawsuit in this Court was transferred from the United States District Court for the Northern District of Illinois in FDIC v. Gravee, 94 C 4589 (N.D. Ill.) ("Gravee"). In that

case, Horizon was an insolvent Illinois savings and loan association, and the Resolution Trust Corporation ("RTC"), acting as receiver for Horizon, had sued Horizon's directors and officers, including Messrs. Maher and Gravee, for gross negligence with respect to their approval of certain loans. In June 1995, certain outside directors filed counterclaims alleging, among other things, that their contracts with Horizon were terminated as a result of Horizon's insolvency, and that the RTC breached its obligation under an alleged agreement between Horizon, the Federal Savings and Loan Insurance Corporation and the Federal Home Loan Bank Board to recognize Horizon's supervisory goodwill. Maher and Gravee filed similar counterclaims in October 1995.

In December 1995, the RTC moved to dismiss the outside directors' counterclaims. The district court granted the motion, and held, among other things, that the directors were not third-party beneficiaries of the alleged agreement. Gravee, 966 F. Supp. 622, 631-33 (N.D. Ill. 1997). This decision did not address the counterclaims of Messrs. Maher and Gravee. On June 23, 1997, the district court issued an order "transferr[ing]" the the claims of Messrs. Maher and Gravee to this Court.

**B. Court of Federal Claims And Federal Circuit Litigation**

On February 26, 1998, Messrs. Maher and Gravee filed a complaint in this Court. Unlike their district court counterclaims, which were asserted against the RTC and its successor, the Federal Deposit Insurance Corporation ("FDIC"), in this Court plaintiffs asserted claims against the United States. Plaintiffs sought damages for breach of the same alleged contract concerning supervisory goodwill that was the basis for their counterclaims in Illinois district court. According to the complaint in Maher I, the alleged breach of the goodwill agreement caused Horizon, in turn, to breach its contractual obligations to Messrs. Maher and Gravee by

terminating their employment as officers and their contracts to serve as directors. Count IV of that complaint sought damages related to employment severance benefits, to which Messrs. Maher and Gravee allege they are entitled in this litigation.

On January 24, 2001, this Court dismissed the complaint of Messrs. Maher and Gravee for failing to state a claim upon which relief could be granted. Maher I, 48 Fed. Cl. at 587. The Court concluded that plaintiffs "were not parties to the Goverment's supervisory merger agreement with the bank," and otherwise did not provide support for the existence of a contract with the Government. Id. at 586.

Plaintiffs appealed, and on December 19, 2002, the United States Court of Appeals for the Federal Circuit affirmed this Court's order. Maher II, 314 F.3d at 607. The Federal Circuit concluded that,

> The Amended Complaint in this case does not establish a cause of action against the government for Maher and Gravee's termination of employment by Horizon or for payment of the proceeds of the deferred compensation trusts. Maher and Gravee have not pled sufficient facts to establish that they are intended third-party beneficiaries of the merger agreement between the government and Horizon, or that they have an implied-in-fact contract with the government for employment and pension benefits. We therefore affirm the Court of Federal Claims' dismissal of the Amended Complaint.

Id.

**C. Harris Trust Deferred Compensation Litigation**

Seperate from their counterclaim against the RTC in Gravee, in Maher v. Harris Trust, ("Harris Trust"), Messrs. Maher and Gravee sued Horizon, the RTC (as Horizon's receiver), and Harris (as trustee of plaintiffs' deferred compensation accounts), seeking disbursement of trust-fund proceeds. The RTC filed a counterclaim for repayment of bonuses. The district court

granted summary judgment for the RTC. After judgment had been entered, plaintiffs attempted to amend their complaint to add a claim against the RTC for breach of contract. The district court denied the motion upon the ground that it lacked jurisdiction to consider the claim. The Seventh Circuit affirmed the judgment, as well as the ruling concerning the breach of contract claim. See Maher v. Harris Trust and Savings Bank, 75 F.3d 1182, 1190-91 (7th Cir. 1995). The Seventh Circuit also observed that Messrs. Maher and Gravee had failed to properly pursue or exhaust their available administrative remedies. Id., 75 F.3d at 1190-91.

**D. 2003 Pension Trust Fund Litigation**

After the the United States Court of Appeals for the Federal Circuit affirmed the dismissal of their lawsuit in December 2002 ("Maher II"), on October 1, 2003, Messrs. Maher and Gravee filed suit in the district court for the Northern District of Illinois, "again seeking to recover their deferred compensation benefits, this time under what appears to be a theory of breach of vested rights." Maher v. FDIC, 2005 WL 388586 at *3 (N.D. Ill. 2005) ("Maher IV"). The district court dismissed their complaint as *res judicata*, and reasoned in the alternative that Messrs. Maher and Gravee were barred from pursuing their claims because they had failed to exhaust their administrative remedies as required by section 1821(d) of Title 12. Id. at *4. On March 21, 2008, the United States Court of Appeals for the Seventh Circuit affirmed this decision, reasoning that (1) the district court did not possess jurisdiction because plaintiffs failed to exhaust their administrative remedies, (2) the claims were moot due to the absence of assets to satisfy a claim, and, alternatively, (3) that the claims were barred as *res judicata*. Maher v. FDIC, 441 F.3d 522, 525-57 (7th Cir. 2006) ("Maher V").

### E. The Doctrine Of *Res Judicata* Bars Plaintiffs' Claims In This Case

The doctrine of *res judicata* precludes parties from relitigating issues "that were or could have been raised" in a previous action that resulted in a final judgment upon the merits of the case. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (citations omitted). To establish the applicability of *res judicata*, the Federal Circuit requires that the party asserting the bar prove (1) that the parties are identical or in privity; (2) a final judgment on the merits of a prior claim; and (3) that the claim at issue is based upon the same set of transactional facts as the original claim. Int'l Air Response v. United States, 302 F.3d 1363, 1368 (Fed. Cir. 2002).

Messrs. Gravee and Maher were each parties to Gravee, Maher I and II, Harris Trust, and Maher IV and V. A final judgment was issued in each of these cases. The claims at issue in this case – plaintiffs' pursuit of "written contract retirement and severance benefits[,]" Compl. ¶ 2 – are "based on the same set of transaction facts" as claims asserted in Gravee, Maher I and II, Harris Trust, and Maher IV and V. Int'l Air Response, 302 F.3d at 1368. Accordingly, the doctrine of *res judicata* bars plaintiffs from re-asserting these claims in this Court.

## II. This Court Does Not Possess Jurisdiction Over Plaintiffs' Claims

Even if plaintiffs' claims were not barred as *res judicata*, plaintiffs would not be able to assert their claims in this Court.

### A. The Statute Of Limitations Bars Plaintiffs' Claims

Section 2501 of Title 28, United States Code, provides that "[e]very claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Thus, where the subject matter of a suit is

otherwise within the jurisdiction of this Court,[1] failure to timely file the suit within the time allowed by section 2501 bars the plaintiff from eligibility to invoke that jurisdiction. See Ariadne Financial Services Pty. Ltd. v. United States, 133 F.3d 874, 878 (Fed. Cir. 1998).

Plaintiffs' claims relating to their employment benefits accrued, by their own admission, "over 15 years" ago. Compl. ¶ 2. Because this suit was first filed against the United States more than six years after the claims accrued, the Court should dismiss the complaint as time-barred.

**B. Plaintiffs Do Not Present Claims Against the United States**

Even accepting all of plaintiffs' allegations as true, this Court does not possess jurisdiction over plaintiffs' complaint because plaintiffs do not assert claims against the United States.

No jurisdiction exists in this Court absent a waiver of sovereign immunity by the United States. United States v. Mitchell, 445 U.S. 535, 538 (1980). The Tucker Act precludes claims by those not in privity with the Government, because privity is a prerequisite of Tucker Act jurisdiction in contract cases. Erickson Air Crane Co. v. United States, 731 F.2d 810, 813 (Fed. Cir.1984); 28 U.S.C. § 1491(a)(1) (1988) (authorizing jurisdiction over "any claim against the United States founded . . . upon . . . any express or implied contract with the United States").

Here, plaintiffs do not allege a contractual relationship with the United States. Rather, plaintiffs allege that the RTC (and its successor, the FDIC acting as receiver), breached its fiduciary duty. See Compl. ¶¶ 11, 14, 16, 20. The RTC (and the FDIC acting as receiver), however, are independent of the United States. See Atherton v. Federal Deposit Ins. Corp., 519

---

[1] The sole statute cited in the amended complaint as a source of jurisdiction is 12 U.S.C. § 1821. Compl. ¶ 1. This statute plainly does not confer jurisdiction upon this Court with respect to the subject matter of this suit or any other subject matter.

U.S. 213, 225 (1997) ("Finally, we note that here, as in O'Melveny, the FDIC is acting only as a receiver of a failed institution; it is not pursuing the interest of the Federal Government as a bank insurer"); O'Melveny & Meyers v. Federal Deposit Ins. Corp., 519 U.S. 79, 85 (1994) ("[T]he FDIC is not the United States"). Accordingly, as plaintiffs' claims are directed toward the conduct of Horizon, or the RTC acting as receiver for Horizon, the Court should dismiss the claims for lack of jurisdiction.

### C. This Court Does Not Possess Jurisdition Over Plaintiffs' Claims For Breach Of Fiduciary Duty

A plaintiff claiming a breach of fiduciary duty must "identify a statute that creates a trust relationship and mandates the payment of money for damages stemming from the breach of that trust relationship." Bay View Inc. v. United States, 278 F.3d 1259, 1265 (Fed. Cir. 2001) (citing United States v. Mitchell, 463 U.S. 206, 226 (1983)). Plaintiffs in this case have identified no such statute. Consequently, in the absence of fiduciary duties expressly arising out of contract, the Court lacks jurisdiction to entertain a claim alleging a breach of a fiduciary duty. See Baker v. United States, 50 Fed. Cl. 483, 499-500 (2001) (dismissing non-contract fiduciary claim for lack of subject matter jurisdiction).

## III. Even If This Court Did Possess Jurisdiction, Plaintiffs' Claims Are Barred By Statute

Even absent the jurisdictional bars described above, this Court could not hear plaintiffs' claims relating to their employement benefits because they failed to pursue them in the manner prescribed by statute. As the Seventh Circuit observed in Harris Trust,

> [t]he administrative claims process provided by FIRREA requires that an individual who wishes to pursue a claim against a failed institution or its assets, including claims for breach of contract, present that claim to the receiver. 12 U.S.C. § 1821(d)(3)-(5);

> Capitol Leasing Co. v. FDIC, 999 F.2d 188, 192 (7th Cir.1993). The receiver then has 180 days within which to either allow or disallow the claim. 12 U.S.C. § 1821(d)(5). If the receiver disallows the claim, or refuses to respond within the 180-day period, the claimant is then given 60 days to seek additional administrative review or judicial review in federal district court. 12 U.S.C. § 1821(d)(6)(A). Compliance with the FIRREA process is a strict jurisdictional prerequisite to a claim in federal district court against the receiver. Capitol Leasing, supra. Given that plaintiffs took none of the required steps for administrative relief, the district court properly determined that it was without jurisdiction to hear plaintiffs' breach of contract claim.

Id., 75 F.3d at 1190-91; Maher V, 441 F.3d at 525 ("since [Messrs. Maher and Gravee] failed to comply with the administrative procedures, FIRREA does not provide subject matter jurisdiction over these claims."); see also 12 U.S.C. § 1821(d)(13)(D) (the failure to pursue these remedies precludes a court from entertaining "any claim or action for payment from, or any action seeking a determination of rights with respect to the assets" of, any bank for which a receiver has been appointed); RTC Mortgage Trust 1994-N2 v. Haith, 133 F.3d 574, 578 (8th Cir. 1998) ("claimant's failure to exhaust its administrative remedies under § 1821(d) deprives a court of subject matter jurisdiction").

Accordingly, given that Messrs. Maher and Gravee did not pursue their claims for their employment benefits in the time frame mandated by statute, Harris Trust, 75 F.3d at 1190-91, neither this Court, nor any other, possess jurisdiction to hear these claims.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

s/ William G. Kanellis
WILLIAM G. KANELLIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0526
Fax: (202) 514-8640

Dated: February 11, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on this 11th day of February, 2008, a copy of the foregoing "DEFENDANT'S MEMORANDUM PURSUANT TO COURT'S ORDER OF FEBRUARY 7, 2008" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ William G. Kanellis